## Clarence Penrod by Clara Penrod, Appellee, v. East St. Louis Railway Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

### Statement of the Case.

Action by Clarence Penrod, a minor, by Clara Penrod, his next friend, plaintiff, against the East St. Louis Railway Company, defendant, for injury to a hand, necessitating the amputation of the fingers and part of the thumb, resulting from being knocked down and run over by the defendant's car at a street crossing. From a judgment for plaintiff for $4,000, defendant appeals.

During the winter season the defendant operated its cars eastward on the north side of the bridge and westward on the south side, the superstructure of the bridge consisting in part of lattice work standing between the north and south tracks. The testimony for the plaintiff tended to show that the defendant's car was approaching the crossing from the west on the north side of the bridge at a high rate of speed, without sounding a gong or giving any other signal; that the plaintiff, before approaching the crossing from the south side, stopped and listened for the ringing of the gong of the defendant's street cars, and not knowing of the custom to operate eastbound cars on the north track, looked toward the east, and seeing none stepped upon the track, was knocked down and injured. Further, the admitted facts were that the tracks of the defendant's line ran within two feet of the superstructure of the bridge and that the lattice work thereof practically shut off the view of persons approaching the crossing from the south side of the bridge.

BARTHEL, FARMER & KLINGEL, for appellant.

KEEFE & SULLIVAN, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 157*—*when plaintiff must prove use of ordinary care.* In an action for damages for personal injury resulting from the defendant's negligence, the plaintiff must prove that at the time of the injury he was in the exercise of due care for his own safety and that he was not guilty of negligence contributory to the injury.

2. STREET RAILROADS, § 135*—*when contributory negligence of pedestrian in stepping on track after emerging from under bridge question for jury.* A pedestrian passing along a street crossing extending under the superstructure of a bridge, within two feet of which street car tracks are laid, who before emerging therefrom stops and after listening for the car signals and hearing none, looks in the direction from which cars would ordinarily be approaching, steps upon the track, and is knocked down and injured by a car coming from the opposite direction, may not properly be found by the jury to have been guilty of contributory negligence.

3. STREET RAILROADS, § 131*—*when evidence sufficient to establish negligence in operation.* A jury is warranted in finding a motorman guilty of negligence who operates a street car at a high rate of speed in a direction opposite to that in which such cars would ordinarily be run in approaching, without giving proper signals, a street crossing, the view from which is obstructed.

4. NEGLIGENCE, § 198*—*when question of due care or contributory negligence for court.* It is only where the important facts touching on the question of contributory negligence are undisputed that the court has the right to declare, as a matter of law, that a party was not in the exercise of due care or that he was guilty of contributory negligence.

5. NEGLIGENCE, § 198*—*when question of due care and contributory negligence for jury.* Where important facts are in dispute, the questions of due care and contributory negligence is pre-eminently one of fact for the jury.

6. STREET RAILROADS, § 94*—*when person may assume that motorman will give signal and have car under control.* On the question of contributory negligence in a personal injury action, the

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff, about to pass over a street crossing, is justified in assuming that the motorman of the defendant's street car will obey the law by sounding his gong on approaching the crossing and will have his car under proper control.

7. STREET RAILROADS, § 64*—*what degree of care required in operation of cars at street crossings.* It is incumbent upon persons operating street cars to exercise a greater degree of care and watchfulness at street crossings or intersections than at other places along the route.

8. STREET RAILROADS, § 133*—*when question of negligence in operation of car upon approaching crossing for jury.* The question of the negligence of a street car company's servant in operating its car on approaching a crossing, having regard for the travel at that point, is for the jury.

